

100 S. Wacker Dr. | Suite 2000        312.466.1033 PHONE
Chicago, IL 60606                     312.884.7352 FAX

AminTalati.com

May 23, 2019

**VIA CM/ECF FILING**
**COURTESY COPY VIA U.S. MAIL**

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722

  Re: **Pre-Rule 12 Motion Letter and Request for Pre-Motion Conference**
     *Ricardo Sibrian, individually and on behalf of others similarly situated, v. Cento Fine Foods, Inc.*, No. 2:19-cv-00974-JS-GRB

Dear Judge Seybert:

  This firm represents Defendant Cento Fine Foods, Inc. ("Cento" or "Defendant") in the above captioned matter. Pursuant to Section IV(C) of Your Honor's Individual Motion Practices, Cento submits this letter and request for a pre-motion conference. As an initial matter, Defendant was served with the Complaint and Summons on May 15, 2019, making June 5 as the deadline to respond per Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Your Honor's procedures, this letter constitutes a timely response to the Complaint and service of a motion filed under Rule 12.

**I. Introduction**

  Plaintiff Ricardo Sibrian ("Plaintiff") filed a putative class action against Cento, alleging, as best as Defendant can tell, that Cento's San Marzano Tomatoes (the "Products") are misleading to the consumer because they *may* not have been grown in the proper region of Italy recognized by industry for San Marzano production, they have not been certified by the relevant authority, or that not all aspects of the Products are properly certified.

  The Complaint should be dismissed for several reasons. First, Plaintiff lacks Article III standing to seek injunctive relief because he has not sufficiently alleged future injury. Nor does Plaintiff have standing to bring claims arising out of statements made on Cento's website. Second, none of Plaintiff's allegations are plausibly alleged. The Complaint is completely bereft of any facts alleging what a reasonable consumer would find misleading, or what he personally relied upon in

Lawyers for the Lifecycle of **Food and Nutritional Supplement Products** | **Brand to Generic Drug** Leaders

making his purchasing decisions.  Plaintiff therefore fails to state a claim for each and every cause of action pled.  Third, Paragraphs 14 through 17 of the Complaint constitute reckless and baseless information disguised as background investigatory information of Defendant, when it is nothing of the sort.  These portions of the Complaint must be stricken as impertinent, immaterial, and scandalous.  Plaintiff, having performed no reasonable investigation into his claims, filed this lawsuit devoid of factual support and based on nothing but conjecture, flawed sources, and innuendo.

## II. Plaintiff's Fatal Pleading Failures

Plaintiff does not (and cannot) allege that the Products are in any way connected to his scandalous allegations concerning the use of low-quality Chinese tomato products or Mafia involvement in the tomato industry.  Plaintiff does not allege that any sloppy media reporting on the industry which references these scenarios in any way mention or apply to Defendant – because they do not. (Complaint, ¶¶ 14-17).

Plaintiff does not allege that the Products are *not* certified by Agri-Cert, or that Defendant fails in any way to adhere to its own certifications. (*Id.* ¶¶ 19-25).  Plaintiff does not allege that he personally went to the "Find my Field" section of Defendant's website. (*Id.* ¶¶ 26-29).  Plaintiff simply guesses that Defendant's Products are grown in places other than what it represents on its label with no facts to support such an assumption.  Plaintiff does not allege what reasonable consumers expect when they see that products are marked as San Marzano tomatoes. (*Id.* ¶¶ 35-38).  Plaintiff fails to identify *how* "[t]he Products do not conform to the identity and composition of what they represent[.]" (*Id.* ¶ 47).  Plaintiff fails to identify the "other representations which are misleading and deceptive." (*Id.* ¶ 48).  Finally, Plaintiff fails to identify *what* allegedly "misleading representations" he relied upon when purchasing the Products. (*Id.* ¶¶ 59, 79-81).

## III. Summary of Arguments

### A. *Rule 12(b)(1): Plaintiff lacks standing to seek injunctive relief or bring website claims.*

In this case, Plaintiff's only allegation with respect to injunctive relief is that he "would purchase the Products again if there were assurances that the Products' representations were no longer misleading." (Complaint ¶ 60). This singular allegation fails to sufficient allege future injury.  Similarly, Plaintiff does not allege that he personally visited the website, viewed the certification statements on the website, or relied on them in making his purchasing decision.

### B. *Rule 12(b)(6): Plaintiff's pleading failures are fatal to each and every claim.*

_____
[May 23, 2019 – Pre-Rule 12 Motion Letter to the Hon. Joanna Seybert]
Page 3

First, Plaintiff fails to plausibly allege individual or class claims under New York's GBL §§ 349 and 350. To do so, Plaintiff must allege facts to show Defendant has engaged in: (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice.

Plaintiff fails to allege what statements made on the Products' labeling would cause a reasonable consumer to misleadingly rely on, or what claims *he* relied on. Plaintiff fails to plead that any labeling claim on the Products were materially misleading. Plaintiff fails to identify what statement or product attribute is materially misleading to a reasonable consumer. Plaintiff vaguely alleges that certifications are a "significant feature[]" to consumers, *see* Complaint ¶ 36, but fails to allege what portion of consumers may be misled by a certification, or what portion of consumers buy the Products *because* of its certifications.

Most importantly, Plaintiff bases his entire Complaint on the flawed premise that the only appropriate San Marzano certifier is the Consortium referenced in the Complaint, yet he makes no allegations whatsoever stating that reasonable consumers are even aware of the "D.O.P." certification issued by the Consortium and rely on it being the only legitimate San Marzano certifier. By failing to make any factual connection between the lynchpin of his case and what reasonable consumers expect, his entire Complaint fails. Plaintiff also fails to adequately allege plead injury, the third element of his claims under Sections 349 and 350.

Second, Plaintiff fails to plausibly allege his claims for breach of express and implied warranties. Plaintiff makes no allegations and states no facts showing that notice was provided to Defendant. Plaintiff's implied warranty claim must fail because where the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality.

Based on the same pleading failures described above, Plaintiff's fraud and negligent misrepresentation claims fail to meet the Rule 9(b) heightened pleading standards. Plaintiff's negligent misrepresentation claim is also barred by the economic loss doctrine. Finally, Plaintiff's unjust enrichment claim should be dismissed as duplicative.

    C.    *Rule 12(f): The Court should strike Paragraphs 14 through 17.*

Plaintiff's allegations regarding the "abundance of lower quality Chinese processed tomato products," the involvement of the "Italian mafia" in the global tomato economy, and all allegations concerning the New York Times Animation referenced in the Complaint must be stricken because they clearly have no possible relation to the matter in controversy. Plaintiff knows they have no relation because he did not, and cannot, allege that Defendant participated in these activities. If these

_____
[May 23, 2019 – Pre-Rule 12 Motion Letter to the Hon. Joanna Seybert]
Page 4

allegations remained in the Complaint, Defendant would suffer severe prejudice by way of wrongful scrutiny from the public and the media for having "Mafia" ties, for using Chinese tomato products, and for being associated with media reports that clearly do not examine Cento or its Products. Having to fend off such baseless accusations would cause Defendant severe reputational harm.

### IV.    Conclusion and Request for Pre-Motion Conference

All of the certifications advertised by Cento on its product labeling and other advertising are completely accurate. Because Plaintiff alleges Defendant's certifications as part of the Complaint, this Court can take judicial notice of them, conclusively establishing: (1) that the Products are grown, inspected, and canned in the Sarnese Nocerino area of Italy, near the base of Mount Vesuvius, an area accepted as the ideal location for the growth of San Marzano tomatoes; and (2) that the Products are certified as San Marzano tomatoes by an independent, third-party certifier, Agri-Cert, which certifies the entire grow and production process: from the seeds and growing, and all the way through and including canning. The S. Marzano Pomodoro Dell'agro Sarnese Nocerino (also known as the "Consortium") is not the only San Marzano designation or certification entity. Furthermore, members of the Consortium admit the same and endorse Cento as a positive influence on the industry. As such, it is clear that Plaintiff's lawsuit seeking substantiation of the Products authenticity is entirely devoid of facts to support sustainable claims. No consumer could be confused by a product that claims to be certified for a particular product trait when it has just such a certification for its practices and products. Cento's labeling claims are 100% truthful and easily verifiable.

For the reasons provided above, the entire Complaint should be dismissed. Defendant respectfully reserves the right to make additional arguments and provide additional support of its defenses, and waives no affirmative or other defenses.

Defendant respectfully requests a pre-motion conference following Plaintiff's letter response.

                                        **/s/ Erin R. Conway**
                                        AMIN TALATI UPADHYE, LLP
                                        Erin R. Conway
                                        E.D.N.Y. Bar Code: EC2492
                                        Daniel S. Tyler (*Pro Hac Vice forthcoming*)
                                        100 South Wacker Drive, Suite 2000
                                        Chicago, IL 60606
                                        (312) 784-1061 (direct)
                                        Erin@amintalati.com
                                        Daniel@amintalati.com