# EXHIBIT I

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

# Certification of Translation Accuracy

Translation of **"GIUSEPPE NAPOLETANO – CARABINIERI INVESTIGATION"** from **"ITALIAN"** to **"ENGLISH"**

We, Rev.com, Inc., a professional translation company, hereby certify that the above-mentioned document(s) has (have) been translated by experienced and qualified professional translators and that, in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every respect a correct and true translation of the original document.

This is to certify the correctness of the translation only. We do not guarantee that the original is a genuine document, or that the statements contained in the original document are true. Further, Rev.com, Inc. assumes no liability for the way in which the translation is used by the customer or any third party, including end users of the translation.

A copy of the translation is attached to this certification.

_____

David Abrameto, VP of Operations

Rev.com, Inc.

Dated: 24 June 2019 21:01:40



Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

# Carabinieri Station
# Agricultural and Food Policies
## Anti-Fraud Unit of Carabinieri Salerno
84121 – Salerno – via Duomo 17 – Tel. 089/232345 and Fax 089/3072173

No. 85/1                                                                                                      Salerno, November 16th, 2010

SUBJECT:- Criminal offense report committed by:

1) **GIUSEPPE NAPOLETANO**, born in San Valentino Torio (SA) on 06.10.1968, residing in Sarno (SA) in via Buonaiuto n. 29, sole manager of SOLANIA s.r.l., based in Sarno (SA) in via Buonaiuto n. 29;

   … … *considered to be guilty:*
   a) **of the crime punishable under articles 515 and 517-quater of Criminal Code**, because as legal representative of the company SOLANIA s.r.l. he sold to the American company ALANRIC FOOD DISTRIBUTORS – 100 CENTO BLVD – 08086 THOROFARE NJ, in order to obtain an unfair profit, peeled tomatoes different in terms of origin and quality from what was indicated on labels, or anyway to deceive buyers/consumers on their origin and quality; specifically, packages of peeled tomatoes reported to contain as ingredient San Marzano DOP Tomato and San Marzano DOP ORGANIC Tomato and whose designation of origin is protected by Regulations (EC) no. 1263/96 of the Commission dated 07.01.1996 which protects San Marzano tomatoes from the Agro Nocerino-Sarnese area, displaying counterfeit labels.

## APPLICATION FOR SEARCH AND SEIZURE ORDER

**TO THE PUBLIC PROSECUTOR'S OFFICE AT**
**THE COURTHOUSE OF**                                                                N A P L E S

[Stamp: illegible]

1

Page 2 of 18

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

1. During inspections provided for by this Carabinieri Station **(¹)** for the protection of quality brands related to geographical indications and designations of origin for agricultural and food products, we learned that different containers with fake peeled San Marzano DOP tomatoes from the Agro Nocerino-Sarnese area **(²)** had been sent out, most likely from the port of Salerno, being labelled with "DE LALLO" and "CENTO" sold by the company Solania and products probably manufactured by the FRANCESE industry in Carbonara di Nola.

Regular packages have labels authorized by the Consortium of Protection of San Marzano DOP of the Agro Nocerino-Sarnese Area and printed by the "GRAFICA CANADA'' printing press in a certain number of copies, progressively numbered, corresponding to the number of cans to be manufactured; these would be loaded in the front area of the container, whereas the product with counterfeit labels would be loaded in the back, in order to evade any visual inspection of the merchandise. The latter product should have unauthorized labels, printed by other printing presses, which although they resembled regular ones, they have a part that should indicate the name of the printing press, which is blank, and duplicate serial numbers, on the basis of those authorized and printed by the GRAFICA CANADA.

2. This Anti-Fraud Unit submitted an application at the Customs Agency to monitor border crossings in order to learn more about the export of peeled tomatoes performed by companies SOLANIA **(³)** and FRANCESE **(⁴)** and identify counterfeit entries of peeled tomatoes **(annex no. 1)**.

3. On 11.03.2010 the Central Fraud Office of the Customs Agency, informed this Carabinieri Station **(annex no. 2)**, that the company SOLANIA had submitted, using carrier ANTONIO BORRELLI based in San Giorgio a Cremano (NA) via Matteotti n. 1, a statement no. 63015T on 11.02.2010

---

(¹) Anti-Fraud Unit of the Carabinieri is a specialized department, established at the Ministry of Agricultural, Food and Forestry Procedures which, under art. 5 paragraph 4 of Presidential Decree no. 79 of March 23rd, 2005, performs extraordinary inspections regarding the provision and receipt of community aid in the agricultural and food, fishing and aquaculture sector, collection and sale of agricultural and food products, including aids provided to developing and poverty-stricken countries. This Unit performs specific inspections on regular application of community regulations and contributes, in coordination with the Central Inspectorate, to fraud suppression, by preventing and suppressing frauds performed in the agricultural and food sector. In conducting these tasks, the unit can perform administrative inspections using powers provided for by regulations in force in order for them to carry out their institutional activities.
(²) Reg. (EC) no. 1263/96 of the Commission dated 07.01.2010.
(³) SOLANIA s.r.L. based in Sarno in via Buonaiuto n. 29.
(⁴) GIULIO FRANZESE SRL based in Carbonara di Nola (NA) in via Sansonetto n.22

2

[Stamp: illegible]

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

regarding the export of peeled tomatoes intended for the United States to the company ALANRIC FOOD DISTRIBUTORS - 100 CENTO BLVD -08086 THOROFARE NJ and related shipment of 6 containers of packages of peeled tomatoes with identification number CPSU4068341, XLXU4389736, TTNU5120840, UESU4276227, XLXU4072037 and CSQU440£780 and, subsequently on 11.05.2010 **(annex no. 3)** a statement no. 63682 015T, using carrier LUIGI DI CASOLA based in Naples, via Amerigo Vespucci n. 9, regarding the export of peeled tomatoes intended for the United States to the company VICTORIA PACKING CORP - 443 EAST 100TH STREET - 11236 BROOKLYN NY, for the shipment of 3 containers of peeled tomatoes with identification number MSCU4146181, MSCU4890233 and INBU5321255.

4. On 10.13.2010, soldiers of this Unit, together with staff from the Naples Customs Agency, proceeded to inspect only the 6 containers of carrier Antonio BORRELLI, stored inside the Flavio Gioia terminal of the Port of Naples, in the presence of the aforementioned, born in San Giorgio a Cremano (NA) on 11.01.1947, residing here in via G. Matteotti n. 1, representative of the customs shipping company, authorized by ITALIA LOGISTICA s.r.l. (a company that manages land and maritime logistics support inside the port), due to adverse weather conditions that prevented the inspection of remaining merchandise.

Therefore the aforementioned containers were checked, and inside of them they found cans of peeled tomatoes labeled as follows:

- in container no. TTNU 5120840 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO TOMATO OF THE AGRO SARNESE AREA;**

- in container no. HLXU 4072037 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE AREA;**

- in container no. CSQU 4405780 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO TOMATO OF THE AGRO SARNESE AREA**;

[Stamp: illegible]

3

Case 2:19-cv-00974-JS-GRB   Document 14-9   Filed 07/05/19   Page 6 of 19 PageID #: 174

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

- in container no. CPSU 406834.1 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO ORGANIC - SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE AREA**;

- in container no. UESU 427622 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE**:

- in container no. HLXU 438973.6 there were 24,000 cans - 2,000 boxes - weighing 28 ounces, with the label **CENTO SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE AREA,**

sold by the company SOLANIA s.r.l. based in Sarno (SA) in via Buonaiuto n. 29 and produced by COOPERATIVA SOLANIA s.c.r.l. based in San Valentino Torio (SA) in via Provinciale n. 40, as shown by the stamp, impressed on the can, with the code of the processing factory **"SL1"**.

Some cans were sampled from those 6 containers which belonged to production batches **SL1N223, SL1N233, SL1N225, SL1N236, SL1N232, SL1N238, SL1N216, SL1R240, SL1R235, SL1N226 (ORGANIC) and SL1N218 (ORGANIC)**, for the purpose of conduct investigations regarding the authenticity and traceability of the product **(annex no. 4)**.

5. In order to check the authenticity of discovered merchandise, investigations were conducted at the inspection body ISMECERT **([5])**, authorized to certify San Marzano DOP tomato **(annex no. 5)** and approve labels to be placed on cans in compliance with standards of identity used for protected designation of origin "SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE AREA" **(annex no. 6)**; where a copy of documentation about productions for years 2009 and 2010 was acquired, production batches certified with data regarding the size and number of pieces to be produced for every single batch for the aforementioned years as well as summary statements regarding the labels and sale of the product with corresponding label identification numbers assigned by the Consortium of Protection. Only data about the sale of San Marzano DOP tomatoes

---

([5]) **IS.ME.CERT.** (Istituto Mediterraneo di Certificazione of products and processes of the agricultural and food sector) is the body that receives applications to join the control system of the product control system having a protected designation of San Marzano tomato of the Agro Nocerino-Sarnese area, and which after performing all checks in terms of compliance with standards of identity, certifies and auhorizes the production of this product of protected origin.

[Stamp: illegible]

4

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

performed by SOLANIA s.r.l. only for 2009 were provided, as for the 2010 campaign the company had not communicated any sale, and after analyzing the communication from ISMECERT regarding the certification of batches for the 2009 production, the institute authorized SOLANIA s.r.l. - which, please bear in mind, does not perform food processing but only wholesale trade - for the production of San Marzano tomatoes at the factory in San Valentino Torio, via Provinciale 36, while a similar communication about the 2010 production was sent to the COOPERATIVA AGRICOLA SOLANIA s.c.r.l..

On 08.26.2010 another inspection was performed by ISMECERT at the processing company COOPERATIVA SOLANIA and the following was verified:

**- For the production batch R235, having the initial consistency of 30,216 cans of 1000 g of San Marzano DOP tomatoes, it was shown that 7,840 cans bearing the CENTO brand, with progressively numbered labels from 264 535 to 272 375 were sold, and 22,336 cans had labels of other brands, whereas 40 cans of peeled tomatoes were unsold;**

**- For the production batch R240, having the initial consistency of 30,159 cans of 1000 g of San Marzano DOP tomatoes, 5,246 cans bearing the CENTO brand, with progressively numbered labels from 397 566 to 402 812 were sold, and 24,913 cans had labels from other brands, there were no unsold products, whereas the consortium had authorized the SOLANIA s.r.l. to print and label products with the CENTO brand, assigning numbers from 1 to 72 000, from 176 375 to 272 375, from 374 563 to 422 563 (annex no. 7).**

After having analyzed the labels of cans discovered inside the port of Naples, it was observed that the numbering of labels of peeled tomatoes for batches R235 (labels no. 191 630, 186 993) and R240 (labels no. 193 474 , 201 909 , 271 247 , 178 592 , 189 680 , 264 558 , 199 068), although these numbers were part of numbers assigned by the Consortium of Protection, it was shown that it had already been applied by the COOPERATIVA SOLANIA s.c.r.l. on cans that belonged to other production batches, as shown during the inspection performed by the inspection body ISMECERT on 08.26.2010. This anomaly makes the Judicial Police believe that this is a fraudulent operation. Precisely labels marked with no. 191 630 , 186 993, 193 474, 178 592, 189 680 and 199 068 appear to have been affixed on products pertaining to production

[Stamp: illegible]

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

batch R231; labels marked with no. 271 247 and no. 264 558 appear to have been affixed on products pertaining to production batch R235; the label marked by no. 201 909 appears to have been affixed on a product that belongs to production batch R232; it arises that inside these cans there was not the product advertised on the label: here we also have to register that, in all probability, this is an operation aimed to deceive consumers on the origin and quality of the product itself.

In other words, and in order to simplify this significant gap in the absence of valid alternative explanations (and the manager of SOLANIA s.r.l. was careful to not provide any explanations on this matter) makes us think that we are in the presence of a commercial fraud.

Furthermore, it is worth mentioning that for batch R240, having 5,246 cans labeled with the CENTO brand, a far greater quantity was discovered, more specifically, while inspecting a container which had 20 platforms inside, consisting of 1,200 pieces, each platform contained cans that belonged to this batch and, not having found any transport documents, we can infer that this entire merchandise belonged to the same production batch.

It is clear that labels found on residual merchandise (or in other production batches) are the same as fake labels found on cans that belong to batches R240 and R235: they differ, obviously, only in terms of printed numbers, therefore they are considered to be counterfeit as well **([6])**.

6. Afterwards, the Consortium of Protection of the San Marzano DOP tomato of the Agro Nocerino-Sarnese area, in the person of chairman Edoardo Angelo RUGGIERO, was involved and who, as a reply to our application, sent a note in which he reported that:

- the label with brand CENTO for size 1,000 gr. CROP 2010 had been approved by ISMECERT on 10.15.2010 upon accepting some changes brought to the label *("the protected designation must be presented in Italian -Pomodoro San Marzano dell'agro Sarnese Nocerino [San Marzano Tomato of the Agro Nocerino-Sarnese Area]- any translation in other languages may accompany it but cannot replace or cannot prevail over the Italian name: "remove 'certified' placed next to the d.o.p. acronym "highlight

---

([6]) For this purpose, it should be pointed out that for the productions of San Marzano DOP tomato each can was uniquely identified by a number placed on the label.

[Stamp: illegible]

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

*the area where the label number will be inserted"*). The Consortium, on 10.15.2010, following a printing and numbering request of the number 192 000, based on the approval from ISMECERT and based on the request for changes submitted by the applicant, authorized printing at the GRAFICA CANADA located in Siano, noting that the label is missing any reference to the name of the manufacturer certified for the 2010 campaign.

- the label with brand CENTO for size 1,000 gr. ORGANIC, although it had been received by the Consortium of Protection via fax on 11.09.2010, the approval from the inspection body ISMECERT, upon receiving the request for changes (*"the protected designation must be presented in Italian - Pomodoro San Marzano dell'agro Sarnese Nocerino [San Marzano Tomato of the Agro Nocerino-Sarnese Area]- any translation in other languages may accompany it but cannot replace or cannot prevail over the Italian name; "remove 'certified' placed next to the d.o.p. acronym "; "eliminate emblems with the words -premium quality- - guaranteed fresh- "; "highlight the area where the label number will be inserted"; "weight ratio between net weight and drained weight indicated on the label is lower than the minimum weight imposed by standards of identity"*), the Consortium, given the fact that it did not receive another request for label printing in this regard, did not issue an authorization for printing and numbering of labels CENTO 100 gr. ORGANIC, highlighting that the company using the label did not accept the request for changes prescribed by the inspection body ISMECERT. Here too, obviously in light of a non-conformity which would denounce, based on considerations presented above, a fraudulent conduct knowingly enacted by the suspect **(annex no. 8)**.

7. Investigations were expanded and conducted at the GRAFICA CANADA too, based in Siano (SA) in via San Vito n. 54, authorized to print labels with the CENTO brand where, given the presence of the company owner, Francesco COPPOLA, born in Nocera Superiore (SA) on 08.08.2010, officers showed him a sample of the label CENTO SAN MARZANO DOP and one of the label CENTO SAN MARZANO ORGANIC and asked him to provide the printing order of the Consortium with related numbering of samples, transport document and invoice. To this specific question, <u>Mr. COPPOLA stated that the labels that were shown to him had not been printed at his company, showing the officers the technical errors it contained, such as the type of paper that was used, the printing of the logo</u>

7

[Stamp: illegible]

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

of the consortium was not compliant with current legislation and the printed words had characters and forms that were different from the ones authorized for printing; in this case, he provided a sample of a label with the brand CENTO SAN MARZANO POP, showing that the word CERTIFIED had been eliminated, in compliance with provisions. He also stated that the label with the brand CENTO SAN MARZANO ORGANIC had never been printed because the company had never received any printing authorization from the consortium of protection. We need to point out that the labels must be printed exclusively by the company appointed by the Consortium of Protection **(annex no. 9).**

8. Investigations were conducted at the headquarters of the company SOLANIA s.r.l. in order to verify the correct label. While there, in the presence of manager Giuseppe NAPOLETANO, described above, he was asked to present the remaining SAN MARZANO DOP labels printed by the lithography studio GRAFICA CANADA, and he provided a sample found in his possession which appeared to be different from the labels found on cans discovered at the port of Naples, and it was also different from the sample provided by the lithography studio upon authorization from the Consortium of protection; Mr. NAPOLETANO, when asked about this, said that the labels found in his possession had been printed at the GRAFICA CANADA, supplying a copy of the document transport and purchase invoice **(annex no. 10)**.

It is pointless to highlight that we are faced with numerous contradictions which suggest multiple fraudulent conducts.

9. As for the product discovered inside the container no. CPSU 406834.1 with label CENTO SAN MARZANO ORGANIC - POMODORO SAN MARZANO DELL'AGRO SARNESE-NOCERINO [SAN MARZANO TOMATO OF THE AGRO-NOCERINO SARNESE AREA], purchased by the SOLANIA s.r.l. from the COOPERATIVA SOLANIA s.c.r.l. (factory code SL1), inspections were being conducted at the headquarters in Salerno of the certifying body ICEA (⁷), and the following were discovered:

a) The company SOLANIA s.r.l. conducts wholesale trade of preserved fruit and vegetables, as can be deduced from the C.C.I.A.A. certificate, it holds a certificate of conformity no. ITICAT1047, valid until 04.06.2010, related to labeling/brand distribution - storage/wholesale trade - other **(annex no. 11)**;

---

(⁷) ICEA Istituto Certificazione Etica Ambientale [ICEA Institute for Environmental Ethics Certification]

[Stamp: illegible]

8


Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

b) Giuseppe NAPOLETANO is the owner of the farm bearing the same name, and holds a certificate of company suitability for vegetable productions using an organic method, valid until 09.19.2011.

c) COOPERATIVA SOLANIA s.c.r.l., where chairman of the Board of Directors is Eugenio NAPOLETANO, born in San Valentino Torio (SA) on 02.27.1933, father of Giuseppe NAPOLETANO; the activity of the cooperative is processing and preservation of agricultural products, as deduced from the C.C.I.A.A. certificate; <u>the company does not appear to hold any certification for the processing of organic products,</u> and while we were at the headquarters of the cooperative no document or register provided for by current legislation, to show the entry, processing and sale of organic products was presented to us.

This is clear evidence that we are in the presence of fraudulent conducts as common products were sold as organic products; this shows that the consumer was deceived on the origin and quality of said product.

10. At the headquarters of the cooperative SOLANIA s.r.l. we verified quantities of processed San Marzano tomatoes that correspond in the exact manner to pieces certified by ISMECERT, as shown by registers of daily productions of said product **(according to annex no. 10)**, and residual stocks, without labels, as shown below **(annex no. 12)**:

| BATCH | SIZE | TOTAL NO. OF CANS | PIECES AUTHORIZED BY ISMECERT | Differences |
|---|---|---|---|---|
| 216 | 1,000 | 76,440 | 75,450 | 990 |
| 217 | 1,000 | 74,880 | 74,326 | 554 |
| 218 | 1,000 | 76,440 | 75,236 | 1,204 |
| 219 | 1,000 | 35,880 | 35,425 | 455 |
| 222 | 1,000 | 39,000 | 38,628 | 372 |
| 223 | 1,000 | 71,760 | 72,288 | -528 |
| 224 | 1,000 | 76,440 | 75,120 | 1,320 |
| 225 | 1,000 | 74,880 | 74,310 | 570 |
| 226 | 1,000 | 74,880 | 74,550 | 330 |
| 228 | 3,000 | 21,504 | not certified | |
| 229 | 3,400 | 15,232 | 15,396 | -164 |
| 229 | 1,000 | 14,040 | 12,650 | 1,390 |
| 231 | 1,000 | 73,320 | 73,856 | -536 |
| 232 | 1,000 | 49,920 | 72,985 | -23,065 |
| 235 | 500 | 152,064 | 152,570 | -506 |
| 236 | 500 | 47,520 | 47,014 | 506 |
| 238 | 1,000 | 76,440 | 75,236 | 1,204 |
| 239 | 1,000 | 76,440 | 76,460 | -20 |
| 243 | 1,000 | 54,600 | 54,450 | 150 |

9

[Stamp: illegible]

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

| 245 | 1,000 | 9,360 | 9,430 | -70 |

The production of batch NE. 228 does not appear to be certified by ISMECERT therefore cannot be sold as San Marzano tomato **(annex no. 13)**.

It appears obvious that the supply of the cooperative includes many cans of product which, although they were not certified, once they were labeled they can be sold as San Marzano DOP tomato, thus deceiving the consumer's trust.

To the aforementioned stocks we need to add quantities produced by the COOPERATIVA SOLANIA which were sold to the SOLANIA s.r.l. and we found them, without labels, at the independent warehouse DEPOSITI MERIDIONALI located in Nocera Superiore, more exactly **(annex no. 14)**:

| BATCH | SIZE | NO. PIECES |
|---|---|---|
| N222SL1 | 1,000 | 49,920 |
| N238SL1 | 1,000 | 1,560 |
| N223SL1 | 1,000 | 21,840 |
| N217SL1 | 1,000 | 15,600 |
| R234SL1 | 1,000 | 3,120 |
| N232SL1 | 1000 | 15,600 |
| N231SL1 | 1,000 | 23,400 |
| N229SL1 | 1,000 | 20,280 |
| N229SL1 | 1,000 | 1,560 |
| R247SL1 | 3,400 | 3,037 |
| N219SL1 | 1,000 | 56,160 |

On merchandise marked by production batches SL1R234, SL1R247 and SL1N231 a label with the logo of the company SOLANIA, and indication of San Marzano tomato was affixed, but related transport documents were not procured as they were produced after entering the warehouse in 2009, and documents were no longer kept at the company. All residual cans bear, on the bottom, the stamp of the factory initials SL1 (which corresponds to COOPERATIVA SOLANIA s.c.r.l.), the production batch and initials **SM**, which generally, according to the chairman of the Consortium of Protection, Edoardo RUGGIERO, for the internal organization of companies that belong to the San Marzano DOP supply chain, states that it is a tomato of the San Marzano variety in order to distinguish them from normal peeled tomatoes. As for transport documents, said products are indicated to be sm peeled

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

tomatoes; Giuseppe NAPOLETANO, being asked on the nature of remaining merchandise, reported that they were peeled tomatoes that did not belong to the San Marzano DOP variety,

10

[Stamp: illegible]

except for those corresponding to production batches N246DLG7, N239DLG7, N232GLG7 and N237DLG7 **(annex no. 12)**.

11. In light of the above, it arises that the historical fact, which crystallized at the time of the investigation, integrates criminally relevant conducts, in light of the fact that:

- cans with peeled tomatoes with the brand CENTO SAN SAMARZO ORGANIC, which were sold by the SOLANIA s.r.l. were packaged with counterfeit labels as they had never been authorized to be printed by the Consortium of Protection, neither approved by the ICEA institute which certifies organic products, and purchased by the processing COOPERATIVA SOLANIA s.c.r.l. which does not have suitable certification for the production of organic peeled tomatoes; moreover, on production days that correspond to the batch impressed on cans no product, stated to be organic, had been supplied.

- cans with peeled tomatoes, bearing the brand CENTO SAN SAMARZO, whose label numbers were verified, were sold with counterfeit labels as the numbering of these cans authorized by the Consortium was used to package other product batches by the COOPERATIVA SOLANIA and not by SOLANIA s.r.l. which requested the approval of peeled tomatoes with the CENTO brand.

12. In this case, we need to emphasize the modus operandi of Giuseppe NAPOLETANO.

The company conducts wholesale trade of preserved fruit and vegetables **(annex no. 15)**, purchases San Marzano DOP tomato cans, without a label and with the initials of the processing factory SL1, production batch, and SM initials, at the COOPERATIVA SOLANIA s.c.r.l., which conducts processing and preservation of fruit and vegetables **(annex no. 16)**, and Eugenio NAPOLETANO is chairman of the Board of Directors, appointed on 04.30.2009, father of Giuseppe NAPOLETANO, taking over his position.

The company SOLANIA s.r.l., having a prior authorization from ISMECERT and from the Consortium of product protection, labels the product and sells it with the customer's brand. In documents accompanying San Marzano DOP tomatoes, the company does not expressly mention that it is SAN MARZANO TOMATO OF THE AGRO NOCERINO-SARNESE AREA, as provided for in the verification plan of

11

[Stamp: illegible]

Case 2:19-cv-00974-JS-GRB   Document 14-9   Filed 07/05/19   Page 14 of 19 PageID #: 182

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

the supply chain for the protected product **(annex no. 17)**, but indicates that they are sm peeled tomatoes. These initials, that accompany the description of peeled tomatoes of the SOLANIA s.r.l. is used both for the San Marzano product and for peeled tomatoes of other varieties.

Quite glaring is the case verified at the company DEPOSITI MERIDIONALI of Nocera Superiore, where cans of the SOLANIA s.r.l. are stored, during an inspection performed at said warehouse in order to verify residual San Marzano peeled tomatoes, the presence of 212,077 label-free cans were discovered, bearing the factory initials SL1 (cooperativa solania s.c.r.l.), production batch and SM initials. Documents which showed the entry of merchandise does not show that they were San Marzano peeled tomatoes, as it was not expressly stated; said documents contained the description of sm peeled tomatoes. However during an inspection it was discovered that on cans corresponding to production batches N231, R234 and R247 there was a label reporting the logo of the company SOLANIA s.r.l. and the indication that they contained San Marzano tomatoes.

Giuseppe NAPOLETANO, who was appropriately asked, stated that the entire merchandise produced by the cooperativa Solania (SL1 ) was not of San Marzano variety.

In addition, the fundamental misunderstanding, generated *ad hoc* by Giuseppe NAPOLETANO is represented by the fact that with the name SOLANIA, supervisory bodies that work with SOLANIA s.r.l. are misled as they believe they deal with the cooperative of the same name which is based in the same building where the warehouse of the aforementioned SOLANIA s.r.l. is located. **-(SOLANIA s.r.l. is not a processing company, in fact it does not have any factory code; SL1 initials impressed on cans is assigned to the COOPERATIVA SOLANIA s.c.r.l.)**, so it is true that for the production campaign of 2009 ISMECERT authorized the SOLANIA s.r.l. to process the San Marzano DOP tomatoes **(annex no. 18)** and in another circumstance the institute ICEA, despite the issue of a certificate of conformity for labeling, brand distribution, storage and wholesale trade-, considers it to be a true processing company of organic products. In fact, after analyzing documents procured at the institute, it is shown that the SOLANIA s.r.l. has also processed organic tomatoes **(annexes no. 19 and no. 20)** purchased from the farm of the same name, owned by manager Giuseppe NAPOLETANO: considering also the fact that the aforementioned person, if there was an inspection of processed raw materials, he had the premises of the cooperative

Case 2:19-cv-00974-JS-GRB   Document 14-9   Filed 07/05/19   Page 15 of 19 PageID #: 183

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

[Stamp: illegible]

where processing occurred, to be inspected.

13. The commercial practice conducted by the cooperative SOLANIA reveals a real fraudulent conduct because the company, omitting to transcribe in sale documents the San Marzano description, packaged them as they wanted, with fake labels; therefore, until inspection bodies did not actually procure the labeled product, they were not able to establish its quality and origin: this is also in violation of verification plans of the supply chain **(according to annex no. 17)** of the DOP product, of the San Marzano tomato of the Agro Nocerino-Sarnese area, which orders sector operators stringent fulfillment of obligations in order to guarantee the traceability of the product in all the stages of processing and marketing.

Especially art. 7 states that, among other things, the entity authorized to use a protected designation must communicate to ISMECERT, within 48 hours, the quantities entered in the protected circuit, indicating the origin of the product, production batch, overall weight, number of packages, type of label used, number of labels used and beneficiary.

<u>The fulfillment of these obligations was not confirmed at ISMECERT, COOPERATIVA SOLANIA s.c.r.l. and SOLANIA s.r.l. and, therefore, this omissive conduct, means that when there is not a formal communication of sale of single pieces with a corresponding number of labels, which uniquely identifies that said can of peeled SAN MARZANO DOP tomato, as provided for and with the methods referred to in the verification plan of the supply chain, a quantity of protected product higher than the amount certified by the relevant inspection body, is sold, with fake labels.</u>

14. The confirmed situation, in addition to profiles of criminal relevance, also refers **to the concept of "FOOD SAFETY"** which, for all the scholars in this field, globally, is equivalent to saying **"excluding the possibility that food products can cause any damage to the consumer if prepared and/or eaten in accordance with its use"**. It is about a highly significant concept, so much so that the doctrine established that the *nature of public good requires "government intervention aimed to provide adequate and reliable health conditions of products intended for human consumption."*

13

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

[Stamp: illegible]

*Normative organization was marked by issuing two supervisory measures: THE GREEN BOOK, which contains general principles of the European Union in terms of food, and the WHITE BOOK which identifies general principles on which European policy must focus. These are strong actions aimed at preventing:*

✓ microbiological risks caused by natural toxic factors or technological factors,

✓ microbiological risks caused by contaminants,

✓ microbiological risks caused by radioactive factors,

✓ risks from zoonosis caused by pathogens and diseases spread among animals.

15. With that being said, given the conduct manifested by the SOLANIA s.r.l., namely packaging cans of peeled tomatoes not certified as a protected variety, with fake labels bearing the words San Marzano DOP tomato and SANMARZANO ORGANIC TOMATO, complement the criminal case referred to in articles 515 and 517-quater of the Criminal Code, and also given the fact that the norm aims to protect the interest concerning economic order with regards to loyalty and morality in commerce and tends to ensure honesty in commercial trade, and that the requested objective element is integrated as the merchandise was already put for sale, and considering the *fumus delicti* and that we are in the presence of things pertaining to the crime for which we move forward, necessary for the investigation of facts, we deem it necessary, with this application, to ask Judicial Authorities to issue, for the purpose of not worsening or prolonging the consequences of the verified crime or to favor the committing of other crimes

a) an order to seize discovered products placed for sale by the company SOLANIA s.r.l. and stored inside 6 containers, since these products represent the body of crime; and to seize those remaining at the port of Naples in other 3 containers mentioned above, awaiting to be inspected, as well as all of the products that currently are held by the SOLANIA s.r.l., given the fact that, the entire remaining products, in quantities greater than those declared for corresponding production batches, as shown by ledgers of daily productions, do not bear any labels,

Case 2:19-cv-00974-JS-GRB   Document 14-9   Filed 07/05/19   Page 17 of 19 PageID #: 185

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

sale documents which do not expressly describe the sold merchandise to be of San Marzano variety and delivery notes of raw material are not

14

[Stamp: illegible]

accompanied by suitable documentation attesting transport, official weight and origin of raw material;

b) order of search and seizure of the entire accounting and administrative documentation, in whatever place it is kept, concerning the production, processing and selling of San Marzano DOP product, at the cooperativa SOLANIA s.c.r.l. and the company SOLANIA s.r.l., as in the current state, despite continuous and swift requests presented to the suspect, we did not manage to identify and find the entire documentation useful for our investigations because he always deemed it right to have us perform appropriate investigations and researches inside the company, and he would do so for the sole purpose of slowing down or eluding inspections carried out by officers.

**ANNEXES:**

| | |
|---|---|
| ANNEX NO. 1 | Application at the Customs Agency for cooperation with the Judicial Police no. 39/25 of 11.03.2010; |
| ANNEX NO. 2 | Communication no. 141519 dated 11.03.2010 of the Customs Agency about the export of 6 containers by the company SOLANIA s.r.l.; |
| ANNEX NO. 3 | Communication no. 142407-RIS dated 11.05.2010 of the Customs Agency about the export of 3 containers by the company SOLANIA s.r.l.; |
| ANNEX NO. 4 | Inspection report of containers dated 11.08.2010; |
| ANNEX NO. 5 | Reg. (EC) no. 1263/96 of the Commission dated 07.01.1996; |
| ANNEX NO. 6 | Standards of identity for the production of "San Marzano Tomato of the Agro Nocerino-Sarnese tomato" which is a designation of protected origin; |
| ANNEX NO. 7 | Inspection report ISMECERT COOP SOLANIA dated 08.26.2010; |
| ANNEX NO. 8 | Communication dated 11.10.2010 of the Consortium of Protection concerning investigations of labels CENTO SAN MARZANO and CENTO SAN MARZANO ORGANIC |
| ANNEX NO. 9 | Summary Testimonial Information report dated 11.09.2010 given by Francesco COPPOLA of the GRAFICA CANADA |
| ANNEX NO. 10 | Report on document procurement at COOPERATIVA SOLANIA s.r.l. dated 11.09.2010; |
| ANNEX NO. 11 | Certification of conformity for Organic agriculture issued by ICEA to SOLANIA s.r.l.; |
| ANNEX NO. 12 | Inspection and document procurement report at SOLANIA s.r.l. dated 11.11.2010; |

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com
Member # 252626

15

[Stamp: illegible]

| | |
|---|---|
| ANNEX NO. 13 | Communication from ISMECERT to SOLANIA about the non-certification of batch N228; |
| ANNEX NO. 14 | Document procurement report at the company DEPOSITI MERIDIONALI on 11.11.2010; |
| ANNEX NO. 15 | Chamber of Commerce company registration details of SOLANIA s.r.l. |
| ANNEX NO. 16 | Chamber of Commerce company registration details of COOPERATIVA SOLANIA s.c.r.l. |
| ANNEX NO. 17 | VERIFICATION PLAN for the verification of the supply chain of DOP product entitled "San Marzano Tomato of the Agro Nocerino-Sarnese area"; |
| ANNEX NO. 18 | Communication dated 11.10.2010 made by ISMECERT to SOLANIA s.r.l. about the compliance to standards of identity for the production of San Marzano tomato (2009 production); |
| ANNEX NO. 19 | Management Plan of processed productions verified by ICEA in Reg. CEE no. 2092/91; |
| ANNEX NO. 20 | Processing program of processing activity of organic tomato submitted by the SOLANIA s.r.l. to the ICEA. |

*Investigations conducted by Marshals Antonio Spinelli, Nicola Costagliola and Paolo Amaro.*
*Information note drafted by Marshal Antonio Spinelli.*

CAPTAIN
(Cap. Vincenzo Ferrara)
[Signature]

as

Rev.com, Inc.
222 Kearny St. Suite 800, San Francisco, CA, 94108
T: 888-369-0701 | support@rev.com | www.rev.com

Member # 252626

16

[Stamp: illegible]