100 S. Wacker Dr. | Suite 2000  
Chicago, IL 60606

312.466.1033 PHONE  
312.884.7352 FAX



AminTalati.com

July 19, 2019

**VIA CM/ECF FILING**
**COURTESY COPY VIA U.S. MAIL**

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722

   Re: **Pre-Rule 12 Motion Letter and Request for Pre-Motion Conference**
     *Ricardo Sibrian, individually and on behalf of others similarly situated, v. Cento Fine Foods, Inc.*, No. 2:19-cv-00974-JS-GRB

Dear Judge Seybert:

  Pursuant to Section IV(G) of Your Honor's Individual Motion Practices, Defendant Cento Fine Foods, Inc. ("Cento" or "Defendant") submits this Rule 12 Motion Letter to dismiss the Plaintiffs' First Amended Complaint. (Dkt. No. 14 ("FAC")).  This Motion Letter is timely submitted pursuant to Fed. R. Civ. P. 15(a)(3).

**I.**  **Introduction**

  Plaintiffs have filed a bloated Amended Complaint that does not repair the fatal pleading deficiencies from Plaintiff Sibrian's original filing, and indeed fares far worse.  It serves as the poster child for the notion that quantity does not equal quality.

  Having been shown, pursuant to a service draft of a Motion for Sanctions via Rule 11(c)(2), incontrovertible evidence that Defendant's Certified San Marzano Tomatoes (the "Products") are indeed grown in the industry accepted region within southern Italy, as advertised, Plaintiffs appear to have abandoned the claim that Defendant misrepresents its growing operations and now contend—entirely upon information and belief—that (1) San Marzano tomatoes can only be certified for sale in the United States by the Consortium of the San Marzano Tomato, PDO (the "Consortium"); (2) the Products are not genetically or physically similar to one randomly selected brand of San Marzano tomatoes that are DOP-certified; and (3) the Products' label imitates that of yet another randomly selected DOP-certified brand.  The alleged "factual support" for these claims are untethered collections of lab testing and "expert" opinions that only opine that Defendant's Products differ genetically and physically from some unscientific collection of controls that purportedly would be acceptable to

_____
June 27, 2019
Page 2

the Consortium's specifications. These "facts" are directly contradicted within the Amended Complaint itself, and none of this matters to the actual claims for relief. Plaintiffs have not alleged that the Products claim compliance with DOP specifications: nor could they, as Cento does not advertise or represent any relationship with this certification group. Plaintiffs fail to highlight any legal or regulatory body that requires such a certification for sale of San Marzano tomatoes in the United States. Plaintiffs' claims for "consumer confusion" are therefore insufficient as a matter of law. Furthermore, Plaintiffs make immaterial and scandalous allegations suggesting that Cento has been criminally prosecuted for acts related to the canning of the Products, when they know this accusation is false.

The entire FAC should be dismissed for several reasons. First, Plaintiffs fail to state a claim for each and every cause of action pled under Rule 8(a), and Rule 9(b) where applicable. Most glaringly, Plaintiffs fail to make several key allegations concerning their purchases of the Products, including, shockingly, what statements on the Products' label they personally relied upon or even viewed, the price they paid, and when and where they purchased the Products. Second, Plaintiffs lack Article III standing to seek injunctive relief because they have not sufficiently alleged future injury, and they also lack standing to bring any claims related to Cento's website. Third, no personal jurisdiction over Cento exists for claims brought by the nonresident named plaintiffs and putative class members.

Furthermore, Plaintiffs recklessly accuse Cento of being involved in a criminal conspiracy regarding its Products. Even if such allegations were true (which they are not), such claims are not actionable for several reasons. As such, it is clear that Plaintiffs only brought forth these scandalous allegations to disparage or otherwise bully Cento into settling what is clearly a frivolous lawsuit. Plaintiffs' Amended Complaint is emblematic of a frivolous, quixotic, and hasty venture driven solely by a counsel under pressure to present the appearance of a reasonable pre-suit inquiry. For these reasons, the FAC should be dismissed with prejudice and with no further leave to amend.

**II.   Summary of Arguments**

    *A.   Rule 12(b)(6): Plaintiffs' pleading failures are fatal to each and every claim.*

First, Plaintiffs fail to plausibly allege under Rule 8(a) any violation of New York's GBL §§ 349 and 350. To state a claim under Section 349, Plaintiffs must allege facts to show Defendant has engaged in: (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice. A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance.

Plaintiffs do not identify a single deceptive act or product attribute that they contend misleads reasonable consumers, nor do they plausibly allege that the purported misrepresentations caused *them* actual harm, or what acts or attributes are *materially* misleading. Furthermore, Plaintiffs fail to plausibly allege injury under Section

_____
June 27, 2019
Page 3

349 (as well as reliance under Section 350) because they allege no facts whatsoever regarding their individual purchases, including the price they paid, the date of purchase, or where they purchased the Products. Moreover, the §§ 349 and 350 claims of the named plaintiffs and putative class members who did not purchase the Products in New York must be dismissed due to the territorial limits of these statutes.

Even where Plaintiffs attempt to allege genetic or physical differences, the documents attached to the FAC completely contradict and vitiate such claims. These "new facts" comparing DOP brands and Defendant's Products have nothing to do with consumer confusion in the United States. Similarly, Plaintiffs allege no facts whatsoever supporting the conclusory claim that only the Consortium can certify San Marzano tomatoes for sale in U.S. markets. Indeed, Plaintiffs' submission of Cento's Agri-Cert certification and label statements concerning this certification establish that Cento does not claim (and does not need to claim) a DOP certification for sale of Products in the United States. Therefore, Plaintiffs have pled themselves out of court with respect to their genetic and Consortium-based claims.

All of Plaintiffs remaining claims fail for not identifying what state law should govern these claims. Plaintiffs fail to plausibly allege under Rule 8(a) their claims for breach of express and implied warranties. They fail to allege what statement(s) on the label amount to a warranty or what statement they relied upon to their detriment. In fact, Plaintiffs do not allege what statement(s) they relied upon *at all*. Plaintiffs state no facts showing that notice was provided to Defendant. Plaintiffs' implied warranty claim must fail because where the sale of a food or beverage is concerned, the product need only be fit for human consumption to be of merchantable quality. Furthermore, Plaintiffs' unjust enrichment claim should be dismissed as duplicative.

Because Plaintiffs fall woefully short of meeting Rule 8(a)'s pleading requirements, they absolutely fail to meet the heightened Rule 9(b) standards with respect to their fraud and negligent misrepresentation claims. Plaintiffs simply fail to allege *what* statement was fraudulent, nor do they plausibly allege the "who, what, where, when, and how" surrounding their purchases. Plaintiffs do not plead *anything* on personal knowledge other than their state and county of residency. (FAC, ¶¶ 163-182). The entire FAC is pled "upon information and belief[.]" (*See* FAC, pg. 1). This fails to satisfy Rule 9(b) as a matter of law because Plaintiffs have not alleged any matters to be peculiarly within Cento's knowledge. As for their negligent misrepresentation claim, Plaintiffs fail to allege a requisite special relationship, and at any rate this claim is barred by economic loss doctrine.

B. *Rule 12(b)(1): Plaintiff lacks standing to seek injunctive relief or bring website claims.*

Plaintiffs' only allegation with respect to injunctive relief is that they "would purchase the Products again if there were assurances that the Products' representations were no longer misleading." (FAC ¶ 182). This singular allegation fails to sufficiently allege future injury. Similarly, Plaintiffs do not allege that they personally visited the website or relied on any statement other than the "representations on the packaging." (FAC ¶ 181).

_____
June 27, 2019
Page 4

      C.    *Rule 12(b)(2): No personal jurisdiction exists over Cento for the claims brought by the nonresident named Plaintiffs and putative class members.*

Plaintiffs cannot pursue state claims on behalf of putative class members with no connection to the State of New York. A nonresident plaintiff cannot bring claims against another nonresident (like Cento) in a forum that has no nexus to the dispute between the nonresident plaintiffs and the nonresident defendant, even if specific jurisdiction exists as to claims asserted by Mr. Sibrian (the sole New York resident).

**IV.**    **Conclusion and Request for Pre-Motion Conference**

No consumer could be confused by a product that claims to be certified for a particular product trait when it has just such a certification for its practices and products. Cento's labeling claims are 100% truthful and easily verifiable. For the reasons provided above, the entire First Amended Complaint should be dismissed with prejudice, with no leave to amend. Defendant respectfully reserves the right to make additional arguments and provide additional support of its defenses, and waives no affirmative or other defenses.

Defendant respectfully requests a pre-motion conference following Plaintiff's letter response.

                                            **/s/ Daniel S. Tyler**
                                            AMIN TALATI WASSERMAN, LLP
                                            Erin R. Conway
                                            E.D.N.Y. Bar Code: EC2492
                                            Daniel S. Tyler (*Pro Hac Vice*)
                                            100 South Wacker Drive, Suite 2000
                                            Chicago, IL 60606
                                            (312) 784-1061 (direct)
                                            Erin@amintalati.com
                                            Daniel@amintalati.com