**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| RICARDO SIBRIAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTO FINE FOODS, INC.,<br><br>        Defendant. | Case No. 2:19-cv-00974-JS-GRB |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND MOTION TO
STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

**REESE LLP**
Sue J. Nam
*snam@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd., Suite 311
Great Neck, NY  11021
Telephone: (516) 303-0551
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the
Proposed Class*

Plaintiff Ricardo Sibrian hereby opposes the motion of Defendant Cento Fine Foods, Inc. ("Defendant") for judicial notice of certain documents in support of its motion to dismiss the Plaintiff's First Amended Complaint (the "FAC"), namely, (1) Defendant's certification documents attached to the declaration of Patrick M. Ciccotelli ("Ciccotelli Decl.") as Exhibit A (ECF 20-3); (2) the product label attached to the Ciccotelli Declaration as Exhibit C (ECF 20-5); and (3) the Agri-Cert certification documentation attached to the declaration of Daniel S. Tyler ("Tyler Decl.") as Exhibit A (ECF 20-7).[1] Plaintiff also opposes Defendant's motion to strike allegations in his FAC and Exhibits attached to the FAC related to certain criminal proceedings in Italy involving Defendant.

## ARGUMENT

### I.      Defendant Improperly Seeks to Introduce Documents

It is well settled that "[c]onsideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which required only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See Chambers v Time Warner, Inc.,* 282 F.3d 147, 154 (2d Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). When deciding a Rule 12(b)(6) motion, the Court must not consider matters outside the pleadings unless the Court exercises its discretion to convert the motion to a motion for summary judgment. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (citations omitted). Here, Defendant specifically requests that its motion to

---

[1] Plaintiff is not contesting judicial notice of Defendant's Trademark Registration, attached as Exhibit B to Ciccotelli Declaration (ECF 20-4), or the trademark application of the Conzorzio di Tutela Del Pomodoro S. Marzano Dell'Agro Sarnese-Nocerino, attached as Exhibit B to the Tyler Declaration (ECF 20-8). These documents are irrelevant to these proceedings, but they are matters of public record. A court may take judicial notice of such documents but cannot rely on them for the truth of the matters asserted therein. *Powell v. Dep't of Educ. of City of N.Y.*, No. 14 CV 2363 (PKC), 2015 WL 5772211, at *1 (E.D.N.Y. Sept. 30, 2015).

dismiss not be converted to one for summary judgment. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, Strike Portions of Plaintiff's First Amended Complaint, ECF No. 20-1 ("Def. Br."), at 3. Accordingly, the Court must decide the motion based solely upon the FAC, materials attached or integral to the FAC, documents incorporated into the FAC by reference, or matters of which the Court may take judicial notices. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

None of the documents Defendant seeks to insert into this litigation are referenced in the FAC, nor does the FAC rely upon the content of these documents for any allegation. Specifically, neither the Agri-Cert certification document attached to the Ciccotelli Declaration nor the English translation of the certification document attached to the Tyler Declaration are subject to the judicial notice. Judicial notice is permitted only in limited circumstances under Federal Rule of Evidence 201(b), which permits notice of facts "not subject to reasonable dispute" in that they are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Should a document be judicially noticed, said document may only be considered for the limited purpose of establishing the existence of the document and not "for the truth of the matters" purportedly contained within those documents. *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991).

Defendant attempts to submit documents that are purportedly a traceability report and certification of the Products, despite the fact that the reliability of this "certification" is directly at issue in this case. The mere fact that Plaintiff discusses Defendant's misleading claims of certification does not mean that the certification itself is subject to judicial notice. For a document to be incorporated by reference, the complaint must make a "clear, definite, and

2

substantial reference" to it. *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 277 (S.D.N.Y. 2013). "Mere discussion or limited quotation of a document in a complaint" does not qualify as incorporation. *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 453 (S.D.N.Y. 2008) (internal quotations omitted). Moreover, even if a document is "integral" to the complaint, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.* Here, the FAC specifically states that Defendant's alleged certification is invalid and meant to mislead consumers. FAC ¶¶ 118-121, 123-24.

Similarly, the label submitted by Defendant cannot be judicially noticed by this Court. Defendant claims that this version of the label was "placed on the Products at all times relevant to this lawsuit." Ciccotelli Decl. at ¶ 8, Ex, C. But that assertion is directly contradicted by the photos of the label contained in the FAC, which are different from the label Defendant urges this Court to accept as true and accurate. FAC ¶¶ 14, 105, 126. This discrepancy alone establishes that this Court cannot, and should not, take judicial notice of the label submitted by Defendant. Instead, the authenticity and accuracy of any label – whether the labels incorporated into the FAC or otherwise – should wait until the discovery process has taken place so that the parties can ascertain which labels were in use by Defendant during the class period. The Ciccotelli Declaration also impermissibly makes other factual assertions that cannot be considered for the truth of the matter and must be disregarded. Ciccotelli Decl. at ¶¶ 3-6.

In short, Defendant has failed to establish the necessary predicates for this Court to incorporate these documents by reference or under Federal Rule of Evidence 201(b). Accordingly, this Court cannot take the extraordinary step of considering Defendant's materials

as if they were present in Plaintiff's FAC. Defendant will have plenty of time to put forth facts to defend itself against the allegations in Plaintiff's well-pled complaint. That time, however, is not at this stage in these proceedings.

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's request for judicial notice.

## II.    Defendant Improperly Seeks to Strike Allegations

Defendant argues that the FAC's allegations at paragraphs 137-147, 221-227 and documents attached to the FAC as Exhibits H through N should be stricken as being "scandalous," and having "no possible relation" to the matter in controversy. Def. Br. at 24 (citation omitted). The allegations at issue fall into three categories: (i) allegations of a criminal investigation by the Italian police into Defendant Cento's distribution of "peeled tomatoes different in terms of origin and quality from what was indicated on labels" and the conviction in Italy of Defendant's associates for counterfeit tomatoes (FAC ¶¶ 137-144); (ii) references to a *New York Times* article reporting Defendant's involvement in the counterfeiting of San Marzano tomatoes destined for the United States (FAC ¶¶ 146-147) and (iii) certain general allegations of fraud committed by Defendant in connection with the certification and sale of mislabeled San Marzano tomatoes (FAC ¶¶ 221-227).

Pursuant to Rule 12(f), the "court may strike from a pleading . . . any . . . immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, and should be granted only when there is a strong reason for doing so." *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008) (citation omitted); *accord Rodriguez v. City of N.Y.*, No. CV1600214(ENV)(ST), 2016 WL 3264166, at *1 (E.D.N.Y. June 13, 2016). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

4

"Indeed, as a general rule, a motion to strike under Rule 12(f) will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Casiano v. Cty. of Nassau*, No. CV161194(SJF)(ARL), 2016 WL 7667287, at *5 (E.D.N.Y. Dec. 22, 2016) (citation omitted). "[I]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 65 (E.D.N.Y. 2011) (citation omitted).

All of the allegations at issue directly relate to Plaintiff's class action claims. Indeed, paragraphs 221-227 of the FAC plead the claim of fraud. The other allegations also support Plaintiff's claims of Defendant's deception. In *United States ex rel. Raffington v. Bon Secours Health System, Inc.*, 285 F. Supp. 3d 759, 773 (S.D.N.Y. 2018), a *qui tam* action alleging that health service providers submitted false Medicare and Medicaid claims, the defendants sought to strike certain allegations of signature forgery by the defendants because they, among other things, would be "scandalous and highly embarrassing." *Id.* at 773. In denying the defendants' motion to strike, the court found that they had "not met the high standard for granting a motion to strike." *Id.* at 774. Specifically, the court found that the forgery allegations "relate to the claim that [a defendant] submitted multiple Form 485s with forged signatures in violation of Medicare regulations." *Id.* The court also found that allegations of signature forgery "should not be struck because the factual matters alleged might potentially be admissible at trial to show the defendants' practices with regard to the forging of doctors' signatures." *Id.* In addition, they did not "unnecessarily' reflect on the moral character of an individual or use repulsive language." *Id.*

Like in *Bon Secours Health System*, the FAC's allegations about the criminal investigation of Defendant and its associates and the references to the *New York Times* article all

5

relate to Plaintiff's claims because they illustrate a pattern of conduct by Defendant to deceive consumers. Accordingly, the Court should reject Defendant's arguments to the contrary, as Defendant cannot demonstrate that Plaintiff's allegations "can have no possible bearing on the subject matter the litigation." *Casiano*, 2016 WL 7667287, at *5; *see also Sec. & Exch. Comm'n v. Saltsman*, No. 07CV4370(NGG)(RML), 2016 WL 4136829, at *31 (E.D.N.Y. Aug. 2, 2016) ("[F]or a portion of a complaint to be stricken, it must be so glaringly unrelated to the alleged claims as to be plainly irrelevant."); *Crespo v. N.Y. City Transit Auth.*, No. 01-CV-0671, 2002 WL 398805, at *12 (E.D.N.Y. Jan. 7, 2002) (denying motion to strike where movant did not show allegations had "no possible bearing" on claims).[2]

Importantly, Defendant does not even attempt to argue Plaintiff's allegations unfairly prejudice it. Allegations in a pleading only minimally prejudice a defendant, if at all. *Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 190 (D. Conn. 2007) ("because a complaint is not submitted to the jury, the danger of unfair prejudice is minimal"). Furthermore, information regarding the criminal investigation of Defendant and its associates, as well as the *New York Times* article, already are publicly available. *See Rodriguez*, 2016 WL 3264166, at *3 ("Since the allegations were already publicly filed . . . it is unclear how repeating them in the instant complaint unfairly prejudices the Defendant."). The FAC's general fraud allegations at paragraphs 221-227 also comprise Plaintiff's cause of action for fraud and do not qualify as immaterial, impertinent, or scandalous. Thus, for all of the foregoing reasons, the Court should deny Defendant's motion to strike.

## **CONCLUSION**

---

[2] Defendant also argues that the motion to strike should be granted because the criminal acts for which Defendant's associates were accused are past the statute of limitations. Def. Br. at 24. "Statute of limitations, however, are applied to claims, not to 'allegations.'" *Bon Secours Health Systems*, 285 F. Supp. 3d at 774.

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's motion for judicial notice of (1) Defendant's certification documents attached to the Ciccotelli Declaration as Exhibit A (ECF 20-3); (2) the product label attached to the Ciccotelli Declaration as Exhibit C (ECF 20-5); and (3) the Agri-Cert certification documentation attached to the Tyler Declaration as Exhibit A (ECF 20-7) and deny Defendant's motion to strike FAC's allegations at paragraphs 137-147, 221-227 and the documents attached to the FAC as Exhibits H through N.

Date:  December 23, 2019

Respectfully Submitted,

By:  _/s/ Sue J. Nam_

**REESE LLP**

Sue J. Nam
*snam@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd., Suite 311
Great Neck, NY  11021
Telephone: (516) 303-0551
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the*
*Proposed Class*