**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Ricardo Sibrian, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Cento Fine Foods, Inc.,<br><br>　　　　Defendant. | Case No. 2:19-cv-00974-JS-GRB<br><br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

**AMIN TALATI WASSERMAN, LLP**

Daniel S. Tyler
Illinois Reg. No. 6315798
Sanjay S. Karnik
(*pro hac vice* forthcoming)
Illinois Reg. No. 6300156
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 784-1061
Facsimile: (312) 884-7352
Daniel@amintalati.com
Sanjay@amintalati.com

*Attorneys for Defendant,*
*Cento Fine Foods, Inc.*

Defendant Cento Fine Foods, Inc. ("Defendant" or "Cento") respectfully submits this reply in support of its motion, pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure, to dismiss the Plaintiffs' First Amended Complaint (hereinafter, "FAC") in its entirety.

## I.    INTRODUCTION

The FAC should be dismissed because Plaintiffs offer nothing beyond conclusory allegations that only an Italian entity—the "Consortium"—can "certify" tomatoes as San Marzano style for sale in the United States, and any tomato product not endorsed by the Consortium cannot, as a matter of law (so Plaintiffs' allege), be marketed as "San Marzano."  They fail to allege with particularity any facts or law supporting this central, conclusory allegation.  They fail to allege any regulation, statute, or law that governs how San Marzano style tomatoes may be "certified" in the United States.  Plaintiffs have not salvaged these pleading failures through valid argument or explanation in their opposition brief.  Instead, Plaintiffs merely re-package the same conclusory allegations.  But the words in the FAC speak for themselves, and they continue to fail to state any claim with particularity or plausibility.

As an initial matter, Plaintiffs' connection of the instant case to a separate lawsuit that Cento faces in the Northern District of California is without merit.  The *Snarr, et al. v. Cento Fine Foods, Inc.*, No 4:19-cv-02627-HSG, case is an entirely different set of fact allegations than the ones brought here, asserting claims on entirely different statutes and state laws, governed by entirely different standards and precedent.  This Court is under no obligation to follow the rulings of judge in a different circuit that were based on different allegations than what is present here. They are not companion cases.

## II.    PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM BASED UPON THE CENTO PRODUCTS' CERTIFICATION

1

All of Plaintiffs' causes of action stem from the conclusory assertion that only the Consortium can certify San Marzano tomatoes for sale in this country.  Having spent over 70 paragraphs alleging various San Marzano tomato standards supposedly enforced by the Consortium (FAC, ¶¶ 17-19, 28-104), Plaintiffs now surprisingly assert, "whether these quality attributes are assured through the Consortium or another third party is of no import."  (Plf. Br. at 9).  Plaintiffs' about-face vitiates their entire case theory and renders this matter ripe for dismissal. Plaintiffs originally contended that only the Consortium has the authority to bestow quality standards for, and certification of, San Marzano tomatoes.  (FAC ¶¶ 8-15, 101-103). In response to these conclusory allegations, Cento contended that no reasonable consumers think of the Consortium – an entity with virtual anonymity in this country – when they see a "certified" statement on San Marzano tomato labels.  (Def. Br. at 11).  Now, Plaintiffs concede that "another third party" can assure "these quality attributes."  (Plf. Br. at 9).  If Plaintiffs now admit that other third parties can assure the quality attributes of San Marzano tomatoes, then the Court should ask what Cento now ponders: what are we here for?  It remains that Plaintiffs fail to allege what reasonable consumers expect when they see products labeled as "certified" San Marzano tomatoes, fail to allege that they personally believed that the Cento Products were certified by the Consortium, and fail to allege that the product they purchased was somehow non-conforming to their exacting standards.

### A.    Plaintiffs Fail to Allege Injury

Plaintiffs' feeble reference to a singular paragraph in the FAC does not excuse their clear failure to identify the price that each individual plaintiff paid for the Cento Products.  (Plf. Br. at 7-8 (citing FAC ¶ 157)).  Plaintiffs' allegation that the products are sold at premium prices – "no less than $6.99 per 28 oz" – fare no better than the similarly insufficient allegations routinely

2

rejected in this Circuit. (*See* Def. Br. at 9-10 (citing *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-4697, 2016 U.S. Dist. LEXIS 149795, at \*18 (S.D.N.Y. Oct. 26, 2016)). By failing to state the price they personally paid, Plaintiffs fail to allege that they paid more than this supposed premium amount of $6.99 per 28 ounces. *Id.* ("Plaintiffs have not alleged that they paid a *higher* price for the Candy than they otherwise would have, absent deceptive acts."). Nor have Plaintiffs alleged that this premium price flowed from any act of Cento: the FAC does not state whether the supposed premium price was marked by Cento or the retail store from which they purchased the Cento Products. *Id.*, at \*19. Indeed, Plaintiffs do not allege where they purchased the Products at all.

Without having alleged any facts that demonstrate whether they personally paid more or less than the supposed premium price of "no less than $6.99 per 28 oz," Plaintiffs merely present an "induced to purchase" theory of injury that New York courts have long recognized as insufficient to allege injury under Section 349. *Irvine v. Kate Spade & Co.*, No. 16-CV-7300 (JMF), 2017 U.S. Dist. LEXIS 164165, at \*11 (S.D.N.Y. Sep. 28, 2017) (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 720 N.E.2d 892, 897, 698 N.Y.S.2d 615 (N.Y. 1999)). Plaintiffs' opposition arguments are unavailing.

**B.      Plaintiffs Fail to Allege Conduct That Would Mislead a Reasonable Consumer**

Second, Plaintiffs' arguments fall far short of the "materially misleading" prong. Plaintiffs' comparison of this case to the Second Circuit's *Mantikas* decision is unavailing. (Plf. Br. at 12 (citing *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018)). In *Mantikas*, Kellogg prominently displayed the statements "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" on the front label of a product (Cheez-It crackers) predominantly made with enriched white flour. *Id.* at 637. Kellogg unsuccessfully argued that a reasonable consumer would not be deceived because the side panel of the packaging disclosures further details of the product's ingredients. *Id.*

3

The *Mantikas* court properly concluded that "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Id.*

*Mantikas* bears no resemblance to the case at bar. This case does not hinge on whether consumers must consult the side panel or nutritional facts panel, and there is no comparison between labeling a predominantly enriched white flour product as "WHOLE GRAIN" and truthfully identifying a certified San Marzano tomato product as "certified" and "San Marzano." First, the Cento Products are indeed certified, and the label gives no indication whatsoever that they are certified by the Consortium, especially given the lack of the Consortium's logo markings and serial number system. (FAC, ¶¶ 12-14). Second, the products are 100% San Marzano tomatoes. The Cento Products are grown from KIROS seeds (Def. Br. at 3 n.2), which Plaintiffs admit are proper San Marzano seeds. (FAC, ¶ 20). And while Plaintiffs baselessly criticize Cento's label reference to the Agro-Sarnese Nocerino region, it remains that they cannot (and do not) challenge that the Cento products are grown in that very region – the region where Plaintiffs allege San Marzano tomatoes must be grown. It is quite a stretch to compare a box of crackers misleadingly claiming to be "whole grain" when they are not with canned, certified San Marzano tomatoes that are in fact canned, certified San Marzano tomatoes. Indeed, there is no comparison at all.

Plaintiffs fail to allege what Cento San Marzano label statements are materially misleading to reasonable consumers, and they fail to state what claims they personally relied upon. As demonstrated in Cento's opening brief, no reasonable consumer would mistake the word "certified" with the Consortium's "Pomodoro S. Marzano Dell'agro Sarnese-Nocerino." To claim that reasonable consumers would be confused by the two is entirely unreasonable.

4

### III.     PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE WARRANTY CLAIMS

While Plaintiffs have abandoned their breach of implied warranty claim (*see* Plf. Br. at 2 n.2), they continue to assert a breach of express warranty claim.  As established in Cento's opening brief, breach of express warranty claims require pre-litigation notice.  In some instances the mere allegation of pre-litigation notice may perhaps suffice at the motion to dismiss stage.  *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-CV-2484(JS)(AKT), 2015 U.S. Dist. LEXIS 63464, at *31 (E.D.N.Y. May 14, 2015).  In the case at bar, Plaintiffs' singular, hesitant, on-the-fence allegation that they "either have sent or intend to send notice" to Cento does not satisfy this admittedly low threshold. (Plf. Br. at 13 (citing FAC ¶ 218)). The allegation begs the question: shouldn't Plaintiffs know whether they sent notice or not? Why are they equivocating? The common sense answer is that Plaintiffs know that they did not send any pre-litigation notice, and are hoping this evasive allegation can keep this claim alive.  It cannot.  If they had given notice, Plaintiffs would have alleged the date of the notice or even attached the notice letter to their pleading.  The Court should therefore disregard Plaintiffs' conclusory and hedging allegation, and dismiss their breach of express warranty claim for failure to provide pre-litigation notice.[1]

New York law requires that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" N.Y.U.C.C. § 2-607(3)(a). Plaintiffs' reliance on cases from outside of this Circuit are not persuasive. (Plf. Br. at 13-14). Plaintiffs should not be rewarded for failing to assert a particular state's law while failing to allege pre-suit notice by *any* named Plaintiff in *any* state. Instead, this Court should follow its own precedent dismissing breach of express warranty claims where the plaintiff did not provide notice prior to commencing the litigation. *See In re Frito-Lay N. Am.,*

---

[1] Were this Motion to proceed to oral argument, as Cento requests, if Plaintiffs are asked if they provided pre-suit notice to Cento, their truthful answer will have to be "No."

*Inc.*, No. 12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824, at *86 (E.D.N.Y. Aug. 29, 2013) (dismissing breach of express warranty claims under New York and Florida law). *See also Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims under Connecticut and New York law). Plaintiffs' singular allegation at FAC ¶ 218 additionally fails because it states no facts that would permit the Court to conclude that they notified Cento of the alleged breaches within a *reasonable time*. *Tyman v. Pfizer, Inc.*, 16-CV-06941 (LTS) (BCM), 2017 U.S. Dist. LEXIS 212879, at *58-60 (S.D.N.Y. Dec. 27, 2017) (dismissing breach of express warranty claims under Florida and New York law where plaintiffs failed to allege when they provided pre-suit notice).  For these reasons, the Court should dismiss Plaintiffs' breach of express warranty claim for lack of pre-litigation notice.

Moreover, as a matter of law, Plaintiffs cannot bring breach of express warranty claims on the basis of unwritten, amorphous "physicial, sensory and organoleptic characteristics" and never-expressed sentiments concerning seed weight, juiciness, and fleshiness.[2] (FAC, ¶¶ 210, 213). Black's Law Dictionary defines "express" as "[c]learly and unmistakably communicated; stated with directness and clarity[.]" *Express*, Black's Law Dictionary (10th ed. 2014). Unwritten sentiments about product feel or taste created whole-cloth by a plaintiff cannot give rise to an *express* warranty claim.  Similarly, New York law provides that "[a]ny *description* of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  N.Y.U.C.C. § 2-313(1)(b) (emphasis added).  Here, Plaintiffs wax poetically about "physical, sensory and organoleptic characteristics" and seed weight, juiciness, and fleshiness – but they allege no such *express* statements or *descriptions* written by Cento on its

---

[2] If the Court finds that Plaintiffs rely upon the "certified San Marzano Tomatoes" statement on the challenged Cento Products, (FAC ¶ 210), Plaintiffs' argument fares no better.  Cento's Products *are* certified and *are* San Marzano. Plaintiffs' have failed to allege any facts that support a theory that what they purchased was something other than what was represented on the Product labels.

San Marzano Products. Simply put, Plaintiffs' breach of express warranty claims based upon truthful representations of certification and style, or unstated "physical, sensory and organoleptic characteristics," should be dismissed.

## IV.   PLAINTIFFS FAIL TO MEET THE HEIGHTENED PLEADING STANDARDS FOR FRAUD

Plaintiffs fail to allege any facts whatsoever regarding their purchases of the Cento Products. Their entire pleading (with the exception of the Plaintiffs' places of residence) is based upon information and belief. These pleading failures are fatal to any claim of fraud in this case. "To comport with Rule 9(b), a plaintiff must not only give the who, what, and when with regard to an alleged false or misleading statement, but also must 'give particulars as to the respect in which plaintiff contends the statements were fraudulent.'" *Ressler v. Liz Claiborne, Inc*., 75 F. Supp. 2d 43, 52 (E.D.N.Y. 1998) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)).

In this matter, Plaintiffs fail to allege any facts regarding the "when" and "where"—when they purchased the Cento Products and from where they purchased them. As a sister court recently held in *Izquierdo*:

> The Complaint provides only the barest details about Izquierdo's exposure to Môndelez's alleged fraudulent misrepresentations or omissions. It fails to state *when* Izquierdo purchased the Candy, *where* precisely he purchased the Candy, and it fails even to specify how much Izquierdo paid for the Candy.

No. 16-cv-04697 (CM), 2016 U.S. Dist. LEXIS 149795, at *24 (S.D.N.Y. Oct. 26, 2016). The case at bar is no different.

"[I]t is the pleading of the circumstances of the alleged fraud with a certain amount of precision that serves [Rule 9(b)'s] purpose by apprising the defendant . . . of the nature of the claim and the acts or statements or failures to disclose relied upon by the plaintiff as constituting the fraud being charged." *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71,

86-87 (2d Cir. 2017) (quoting 5A C. Wright et al., Fed. Prac. & Proc. § 1297 (3d ed. April 2017 Update)). Here, none of the 12 individually named Plaintiffs in this action have pled a single fact about when they purchased the Cento Products, where they bought them, or what price they paid – all of which are required for pleading with particularity. While they allege that they purchased the Products "[d]uring the class period," FAC ¶ 180, the FAC does not allege any dates for the class period. As a result, without pertinent information such as the Products' purchase location, purchase date, and canning numbers (for example), Cento was unable to conduct any meaningful pre-suit investigation into the Plaintiffs' claims. Plaintiffs should not be rewarded for these glaring failures, and Cento should not be punished with expensive and wasteful discovery. For these reasons, all remaining claims set forth in the FAC sounding in fraud should be dismissed.

## V.      PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DUPLICATIVE

"An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 2012 NY Slip Op 2343, ¶ 9, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 740, 967 N.E.2d 1177, 1185. In their brief, Plaintiffs have not pointed to any factual allegations that would establish how their unjust enrichment claim differs from their other causes of action. Therefore, for the same reasons that Plaintiffs fail to plausibly or particularly allege any claim for relief in this case, their unjust enrichment claim should be dismissed.

## VI.     PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF

The unique facts of this case merit dismissal of Plaintiffs' injunctive relief claims for lack of standing. While in other putative class actions a plaintiff may not be able to reasonably determine whether a product's misleading label has been cured, or whether a "bottle actually contains what is supposed to contain," Plf. Br. at 19 (quoting case), here, Plaintiffs contend that

8

unless and until the Cento Products contain two specific D.O.P. logos and a D.O.P.-based serial number, they believe that the Products are not San Marzano tomatoes. They are therefore in no present or future imminent harm of purchasing the Products. Plaintiffs' allegation that they "would consider" purchasing the Products again does not suffice. (FAC ¶ 182). Therefore, Plaintiffs' claims for injunctive relief should be dismissed.

## VII. THIS COURT LACKS PERSONAL JURISDICTION OVER CENTO WITH RESPECT TO THE CLAIMS OF ALL NONRESIDENT PLAINTIFFS AND PUTATIVE CLASS MEMBERS

Cento concedes that *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) may not apply to the fate of unnamed class members in a putative class action. However, *Bristol-Myers* does implicate the jurisdictional fate of *named* plaintiffs in the federal class action context:

> [A]lthough district courts are divided on whether *Bristol-Myers* applies in the federal class action context, the cases have universally held that in a putative class action (1) courts are only concerned with the jurisdictional obligations of the named plaintiffs; and (2) unnamed class members are irrelevant to the question of specific jurisdiction.

*Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC) (RLM), 2019 U.S. Dist. LEXIS 49363, at *35 n.11 (E.D.N.Y. Mar. 22, 2019) (quoting *Chernus v. Logitech, Inc.*, No. 17-673 (FLW), 2018 U.S. Dist. LEXIS 70784, 2018 WL 1981481, at *7 (D.N.J. April 27, 2018)). Accordingly, on the issue of specific jurisdiction over the named parties, the type of case (class action or not) is irrelevant. Under the cases cited by Cento in its opening brief, it has become well-established that under *Bristol-Myers*, even in the class action context, a federal court lacks jurisdiction over the claims that a named non-resident plaintiff brings against a nonresident defendant. (Def. Opening Br. at 23-24 (citing cases)).

9

In this case, due to the territorial limitations of Sections 349 and 350, *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 241 (E.D.N.Y. 2010), there is no doubt that the non-New York Plaintiffs seek to apply non-forum law against Cento.   Given as much, the Court lacks personal jurisdiction where a non-resident plaintiff seeks to bring claims under non-forum law over a nonresident defendant. Accordingly, the claims of non-New York Plaintiffs Barletta, Dimieri, Friess, Fuda, Ruiz, McClain, Parks, Nardi, Frazier, and Liguori should be dismissed. Further, any and all claims for breach of express warranty (or any other common-law claim) and claims made pursuant to the consumer fraud statutes of states other than New York must be dismissed.  It is consensus within the 2nd Circuit and is routinely held in this Court that in a putative class action, claims arising under the laws of states in which no named plaintiff resides should be dismissed for lack of standing.  *In re HSBC Bank, USA, N.A.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y 2014) ("[T]he Court finds that the Plaintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to that state.").

## VIII.  CONCLUSION

For the reasons provided above and in Defendant's Motion to Dismiss, Plaintiffs' First Amended Complaint should be dismissed in its entirety ***with prejudice***, and alternatively Paragraphs 134-147 and 221-227 as well as Exhibits "H" through "N" should be stricken as immaterial and scandalous.[3]

---

[3] While Cento presented its entire motion to dismiss, motion to strike, and request for judicial notice in one brief, *see* Dkt. No. 20-1, Plaintiffs inexplicably filed a separate brief in opposition to Cento's judicial notice and motion to strike arguments (Dkt. No. 25), helping themselves to circumvent the Court's limitation of 25 pages for opposition briefs. *See* Rule IV(C)(1) of the Individual Motion Practices of Hon. Joanna Seybert.  Cento therefore submits a short, separate reply to address Plaintiffs' separate opposition.

Dated: January 24, 2020.

Respectfully submitted,

By: */s/ Daniel S. Tyler*
Daniel S. Tyler
Illinois Reg. No. 6315798
Sanjay S. Karnik
(*pro hac vice* forthcoming)
Illinois Reg. No. 6300156
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 784-1061
Facsimile: (312) 884-7352
Daniel@amintalati.com
Sanjay@amintalati.com

*Attorneys for Defendant,*
*Cento Fine Foods, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, the foregoing document was filed with the Clerk

of the Court and served in accordance with the Eastern District's Rules on Electronic Service upon

the following:


Counsel for Plaintiffs
SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan, Esq. 505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
spencer@spencersheehan.com

REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com




By: */s/ Daniel S. Tyler*

Attorney for Defendant Cento Fine Foods,
Inc.