**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ricardo Sibrian, individually and on behalf of all others similarly situated,  Plaintiff,  v.  Cento Fine Foods, Inc.,  Defendant. | Case No. 2:19-cv-00974-JS-GRB  **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO STRIKE AND REQUEST FOR JUDICIAL NOTICE**

**AMIN TALATI WASSERMAN, LLP**

Daniel S. Tyler
Illinois Reg. No. 6315798
Sanjay S. Karnik
Illinois Reg. No. 6300156
(*pro hac vice* forthcoming)
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 784-1061
Facsimile: (312) 884-7352
Daniel@amintalati.com
Sanjay@amintalati.com

*Attorneys for Defendant,*
*Cento Fine Foods, Inc.*

Defendant Cento Fine Foods, Inc. ("Defendant" or "Cento") herein submits its reply in support of its motion to strike and requests for judicial notice.[1]

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE AGRI-CERT CERTIFICATION.

First, the Court should accept judicial notice of Cento's certification and traceability documentation from Agri-Cert via the incorporation by reference doctrine. The Agri-Cert certification forms the basis of Plaintiffs' claim, and the incorporation by reference doctrine exists to prevent plaintiffs from deliberately omitting information that this documentation contains. Furthermore, the English translation of the Agri-Cert documentation is submitted, at significant expense to Cento, for the benefit of all parties and the Court.

The incorporation-by-reference doctrine exists to prevent a plaintiff from doing exactly what Plaintiffs are trying to do here: survive a Rule 12(b)(6) motion by deliberately omitting documents that would vitiate their allegations. Here, Plaintiffs assert that Cento's certification from Agri-Cert is only about food safety. (Dkt. No. 26 at 11). They even attached to their pleading an Agri-Cert document that does not constitute its entire certification of Cento's San Marzano Products. Cento is entitled to complete the picture to demonstrate to the Court that its Agri-Cert certification constitutes a certification of the entire growing and canning process for its San Marzano tomatoes.

Second, the label offered by Cento is a true and correct copy of the label placed on the Products. Courts routinely take judicial notice of a challenged product label in the context of food and beverage class actions. However, if the Court is able to review all of the pertinent words and

---

[1] While Cento presented its entire motion to dismiss, motion to strike, and request for judicial notice in one brief, *see* Dkt. No. 20-1, Plaintiffs inexplicably filed a separate brief in opposition to Cento's judicial notice and motion to strike arguments (Dkt. No. 25), helping themselves to circumvent the Court's limitation of 25 pages for opposition briefs. *See* Rule IV(C)(1) of the Individual Motion Practices of Hon. Joanna Seybert. Cento respectfully submits this short, separate reply in support of these arguments.

1

images discussed in the Parties' briefing from the FAC's label images alone, then Cento will not at this time seek judicial notice of the true and correct label it uses on the Products.

## II. THE COURT SHOULD STRIKE PLAINTIFFS' ITALIAN CRIMINAL PROCEEDING ALLEGATIONS.

Plaintiffs disingenuously assert that the Italian criminal proceedings are publicly available. Italian criminal proceeding results, and certainly filings therein, are not generally not well known or in the United States. Plaintiffs presented these allegations in order to create a "guilt-by-association" aura around Cento. Merely alleging that Cento was a "key player[]" (FAC ¶ 138) in a fraudulent scheme not only fails to satisfy Rule 9(b), but it does not create a nexus to the alleged wrongful act. The proceedings did not result in any charges against Cento.

Plaintiffs' erroneously rely on a False Claims Act case to support their scandalous allegations. In *United States ex rel. Raffington v. Bon Secours Health Sys.*, the relator specifically alleged that the named defendant nursing care home "submitted multiple form 485s with forged signatures[.]" 285 F. Supp. 3d 759, 774 (S.D.N.Y. 2018). The court accordingly declined to strike allegations of forgery *by the named defendant*. On the other hand, here Plaintiffs do not allege (and the criminal proceeding papers attached to their pleading did not allege) any criminal act by Cento. The *Bon Secours Health Sys.* court declined to strike allegations of fraudulent acts made directly by the named defendant. This is sensible. But where a named defendant is not even accused of the wrongful act, the allegations should be stricken as scandalous and immaterial.

No evidence in support of the Italian criminal case allegations could be admissible at trial – a trial that will concern Cento's labeling, growing and canning practices from within *the class period* (which Plaintiffs even fail to identify). Plaintiffs do not challenge that the Italian case precedes the application statute of limitations period in this case. N.Y.C.P.L.R. 214(2). In fact, the case is so old that even the Italian statute of limitations effected final disposition. (FAC ¶ 143).

Plaintiffs' argument that their "general fraud allegations at paragraphs 221-227 also comprise of Plaintiff's cause of action for fraud" is without merit. (Dkt. No. 25 at 7). Even if the Italian proceedings were against Cento, Plaintiffs do not allege that they believe the wrongdoing acts are continuing to this day.

The Italian criminal case was not against Cento. The case is over a decade old. Plaintiffs allege no ongoing activity arising from the case. Plaintiffs' Italian case allegations serve no purpose except to smear Cento, and they should be stricken.

## III.  CONCLUSION

For the reasons provided above, the Court should take judicial notice of Cento's Agri-Cert certification documentation, and should strike as immaterial and scandalous all allegations concerning the Italian criminal proceeding.

Dated: January 24, 2020.               Respectfully submitted,

                                        By: */s/ Daniel S. Tyler*
                                        Daniel S. Tyler
                                        (admitted *pro hac vice*)
                                        Illinois Reg. No. 6315798
                                        Sanjay S. Karnik
                                        Illinois Reg. No. 6300156
                                        (*pro hac vice* forthcoming)
                                        AMIN TALATI WASSERMAN LLP
                                        100 S. Wacker Dr., Suite 2000
                                        Chicago, IL 60606
                                        Telephone: (312) 784-1061
                                        Facsimile: (312) 884-7352
                                        Daniel@amintalati.com
                                        Sanjay@amintalati.com

                                        *Attorneys for Defendant,*
                                        *Cento Fine Foods, Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, the foregoing document was filed with the Clerk of the Court and served in accordance with the Eastern District's Rules on Electronic Service upon the following:

Counsel for Plaintiffs
SHEEHAN & ASSOCIATES, P.C.
Spencer Sheehan, Esq. 505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
spencer@spencersheehan.com

REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com


By: */s/ Daniel S. Tyler*

Attorney for Defendant Cento Fine Foods, Inc.